POLK v. INMAN et al.   (No. 2102.)

(Court of Civil Appeals of Texas. Texarkana. March 20, 1919.)

1. APPEAL AND ERROR ⬦⇒1040(13)—HARMLESS ERROR — OVERRULING DEMURRER TO ANSWER.

In suit against road contractor and I., who assumed to pay contractor's indebtedness, it was not reversible error to overrule demurrer to I.'s special answer that he was to pay the contractor's bills by paying out money received, upon estimates made, from the construction company with whom the road contract was made, and that he had paid out more money than he had received on the contractor's account, where, in response to special issues submitted, the jury found that I. agreed to pay plaintiff's account out of the balance, if any, of estimates due the contractor, and there was no contention that the evidence showed any balance, or that, under the findings, any other judgment could have been rendered except the one entered for I.

2. TRIAL ⬦⇒351(5) — REFUSAL TO SUBMIT SPECIAL ISSUES.

Refusal to submit special issues requested was not error where, while their verbiage was different, their substance was covered by those submitted by the court, and the jury found all the facts essential to sustain the judgment.

3. EVIDENCE ⬦⇒518—EXPERT WITNESSES — CONSTRUCTION OF CONTRACT.

Where a written agreement was unambiguous, testimony of expert witnesses to explain it was properly excluded.

Appeal from District Court, Grayson County; C. F. Frecman, Judge.

Suit by C. B. Polk against Dunk Inman and another. From judgment for the named defendant, plaintiff appeals. Affirmed.

Webb & Webb, of Sherman, for appellant. B. F. Gafford and McReynolds & Hay, all of Sherman, for appellees.

HODGES, J. In October, 1916, the appellant filed this suit against R. T. Grimmett and Dunk Inman, seeking a judgment for the sum of $1,011.68 alleged to be due him upon an account for merchandise sold and delivered to the defendant Grimmett. It is alleged, in substance, that Grimmett had a contract with the Womack Construction Company to build a section of a good road being constructed in Grayson county; that it was necessary, to enable Grimmett to carry out his contract with the construction company, that he have financial assistance, and for that purpose Inman assumed to pay all of the indebtedness incurred by Grimmett necessary and incidental to the performance of his contract. It is further alleged that Inman had an interest in the contract with Grimmett, and that his interest was of such a nature that any indebtedness incurred by Grimmett in the contruction work, or incidental thereto, was beneficial to Inman; and that Inman, in order to make the performance of Grimmett's contract with the construction company possible, assumed to pay Grimmett's debts; that he was to receive, and has received, commissions, profits, and percentages from the amounts due Grimmett by the construction company on the contract; that Inman has received, and is still receiving, money that was to have been paid Grimmett upon that contract as those

amounts became due and payable. It is also alleged that the plaintiff had an agreement with Inman by which the latter expressly promised to pay the debts already contracted by Grimmett and to guarantee the payment of future debts contracted by him in the prosecution of the work; and that the plaintiff, relying upon those promises of Inman, extended credit to Grimmett.

Grimmett filed no answer, and judgment was rendered against him by default. Inman answered by a general denial, and specially pleaded that, on or about May 29, 1916, he did agree to pay certain labor bills incurred by Grimmett then due and thereafter to become due; that in consideration of that undertaking he had an agreement by which he was to recover the money due Grimmett from the construction company upon estimates made, and to pay it out in accordance with that understanding. He set out in his answer exhibits of money received and expended by him, in which it was made to appear that he had paid out more money upon those labor bills than he had received on Grimmett's account. A demurrer to that portion of Inman's answer was overruled.

This appeal is by Polk from a judgment rendered in favor of Inman.

[1] In the first group of assigned errors appellant complains of the refusal of the court to sustain his demurrer to Inman's special answer and in admitting evidence in support of the facts set out in that answer. It is contended that this is a suit against Inman based upon an unconditional and express agreement by him to pay for the goods sold and delivered to Grimmett, and that the facts pleaded in the special answer were immaterial and irrelevant. We are of the opinion that a fair construction of the appellant's amended original petition undertakes to predicate the liability of Inman, not only upon an express promise to be responsible for Grimmett's debts, but upon the fact that Inman had an interest in the construction contract, and that he had received, and was still receiving, the money that was to have been paid to Grimmett under his contract with a construction company upon estimates as the payments matured. It is not clear that the appellant's averments did not make appropriate the special pleading of Inman and the evidence offered in support of it. But conceding that the pleading and evidence objected to were irrelevant, and that the rulings of the court complained of were erroneous, we do not think the error was sufficient to require a reversal of this judgment.

In response to special issues submitted the jury found, in substance, the following facts: That Inman had no interest in the construction contract with Grimmett; that the only contract ever made between Grimmett and Inman was that evidenced by a written agreement to pay the labor bills due and to become due by Grimmett in the course of the construction work; that Inman never agreed or promised to stand behind Grimmett, or to guarantee the payment of any future purchases made by Grimmett to the plaintiff; that he never assumed unconditionally to pay an amount claimed by the appellant to be due from Grimmett. According to the appellant's testimony, when he first presented his account against Grimmett and Inman for payment the latter agreed unconditionally to pay it, and also authorized the appellant to make future advances to Grimmett. The jury found that Inman agreed to pay that account out of the balance, if any, of estimates due Grimmett after deducting amounts which Inman had previously paid or was obligated to pay under the terms of his contract with Grimmett. There is no contention that the evidence showed any balance of debt. It is not claimed that under the findings made by the jury any other judgment than that entered should have been rendered.

[2] The appellant complains that the court refused to submit certain special issues requested. While the verbiage of the requested issues was different, the substance was covered by those submitted by the court. The jury found all of the facts essential to sustain the judgment rendered, and there was no error in refusing to submit the interrogatories requested.

[3] Neither was there error in sustaining the objections to the testimony offered by the appellant to prove what constituted a labor bill. The record shows that the agreement on the part of Inman to pay the labor bills contracted by Grimmett was in writing, and there was about it no ambiguity which required explanation by expert witnesses.

The judgment is affirmed.